# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD KEITH GULBRANDSON, CDCR #C-46985,<br><br>Plaintiff,<br><br>vs.<br><br>TOM HARVIE, President & CEO, Goodyear Tire & Rubber Co.,<br><br>Defendant. | Civil No. 08-1192 LAB (WMc)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff, an inmate currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, California and proceeding pro se, has filed a "Civil Rights Complaint" alleging violations of his First, Fifth and Fourteenth Amendment rights by the President & CEO of Goodyear Tire & Rubber Company, located in Akron, Ohio. (Compl. at 2-3.)

While Plaintiff's Complaint is not a model of clarity, it appears to seek damages and "diplomatic immunity" based on claims that Defendant, in his official capacity as President & CEO of Goodyear, violated his constitutional rights by depriving him of his "copyrighted" property–an invention for "directional asymmetrical tread." (*Id.* at 2-5.)

/ / /

## I.

## FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, Plaintiff has neither prepaid the $350 filing fee required to commence a civil action, nor has submitted a Motion to Proceed IFP. Therefore, this case is subject to immediate dismissal pursuant to 28 U.S.C. § 1914(a).

## II.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is "Filed" to: (a) prepay the entire $350 civil filing fee in full; ***or*** (b) complete and file a Motion to proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).[1]

---

[1] Plaintiff is cautioned that if he chooses to proceed further with this action by moving to proceed IFP, his Complaint, which appears patently frivolous and duplicative of both a previous case he filed in the Northern District of Ohio, as well as another Complaint filed in this Court, will be subject to the mandatory screening and sua sponte dismissal provisions of 28 U.S.C. § 1915(e)(2)(b). *See* Pl.'s Ex. A, "Memorandum of Opinion and Order" in *Gulbrandson v. Goodyear Tire & Rubber Co.,* N.D. Ohio, Civil Case NO. 5:06 CV 1517; *Gulbrandson v. Goodyear Tire & Rubber, Co.*, S.D. Cal. Civil Case No. 08-1143 LAB (NLS); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim). Moreover, such a dismissal may be counted as a "strike" against Plaintiff if he requests IFP status in any future civil action filed while he is incarcerated. *See Andrews*, 493 F.3d at 1052 (under the Prison Litigation Reform Act, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without prejudice and without further Order of the Court.

DATED: July 11, 2008

HONORABLE LARRY ALAN BURNS
United States District Judge